UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Nathan Schubel, as Trustee
of the Schubel Children's
Revocable Trust,

Civil No. 13-1426 (PAM/JSM)

          Plaintiff,

v.

**MEMORANDUM AND ORDER**

Jay Lampland,

          Defendant.

---

This matter is before the Court on Defendant's Motion to Dismiss. For the reasons that follow, the Motion is denied.

**BACKGROUND**

This is a dispute over ownership of a building in Rochester, Minnesota. Plaintiff Nathan Schubel is trustee of the Schubel Children's Revocable Trust, which is the fee owner of the property according to the county recorder's records. Defendant James Lampland apparently formerly owned the property; he claims that he sold it to Nathan Schubel's father, Gary Schubel, to avoid federal tax liens. He also contends that there was an agreement that Gary Schubel would transfer the property back to Lampland at some point. Lampland maintains the building and collects rent from the building's sole tenant, Federal Warning Systems, Inc. According to Lampland, Federal Warning Systems pays $600 per month and the cost of maintaining the building exceeds that amount. Lampland does not pay the rents to the trust, and according to the tenant, Lampland holds himself out as the owner of the building.

The trust paid property taxes of more than $11,000 for the building in 2012, and claims to be unable to sell the building because of Lampland's claims of ownership. The Amended Complaint raises claims of conversion, interference with prospective economic advantage, breach of fiduciary duty, unjust enrichment, and also seeks a declaration that the trust is the fee owner of the property and Lampland has no legal or equitable interest in the property.[1]

**DISCUSSION**

**A.    Jurisdiction**

Lampland first challenges both the citizenship and the amount-in-controversy required for the exercise of diversity jurisdiction. 28 U.S.C. § 1332(a). According to Lampland, the citizenship of a trust is the citizenship of every one of the trust's beneficiaries plus the citizenship of the trustee. But in support of this proposition he cites only cases discussing the citizenship of Limited Liability Corporations (LLCs). (See Def.'s Supp. Mem. (Docket No. 19) at 2 (citing, inter alia, Stouffer Corp. v. Breckenridge, 859 F.2d 75, 76 (8th Cir. 1988) (holding that the citizenship of an LLC is the citizenship of each of the members of the LLC)).) But a trust is not an LLC, and although the Eighth Circuit has not specifically ruled on the citizenship of trusts, most courts to address the issue have held that the citizenship of the trust is the citizenship of the trustee or trustees. See, e.g., Hicklin Eng'g, L.C. v. Bartell, 439 F.3d 346, 348 (7th Cir. 2006) (noting that "the citizenship of a trust is

---

[1] The Amended Complaint also claimed "interference with business relations," but Schubel has agreed to dismiss that claim without prejudice. (Pl.'s Opp'n Mem. at 8.)

that of the trustee"). The Amended Complaint states that the trustee is a citizen of Wisconsin. (Am. Compl. ¶ 2.) In addition, Schubel avers in response to this Motion that all beneficiaries of the trust are Wisconsin residents. (Schubel Decl. ¶ 4.) Lampland is a citizen of Minnesota, and thus there is complete diversity of citizenship.

Lampland also misconstrues the amount-in-controversy requirement in § 1332(a), contending that Schubel can claim as damages only the value of allegedly converted rents, which is less than $75,000. But if Schubel cannot sell the building for the benefit of the trust because of Lampland's claim of ownership, then the amount of damages could be the value of the building, which is undisputedly more than $200,000. The Court must take the plausible allegations in the Amended Complaint at face value, and those allegations establish that the amount in controversy is well above the jurisdictional threshold. This aspect of the Motion is denied.

**B.  Failure to State a Claim**

    **1.  Standard of Review**

For purposes of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court takes all facts alleged in the complaint as true. See Westcott v. Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990). The Court must construe the factual allegations in the complaint and reasonable inferences arising from the complaint favorably to the plaintiff and will grant a motion to dismiss only if "it appears beyond doubt that the plaintiff can prove no set of facts which would entitle [her] to relief." Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986) (citations omitted). The complaint must include "enough facts to state a claim to relief

that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

### 2. Conversion

Lampland contends that Schubel's conversion claim fails because Lampland used the allegedly converted rents to maintain the property and thus did not use the money inconsistently with Schubel's interest in the property. But this is a factual issue that goes to the very heart of the dispute in this case. It is not appropriate to resolve this factual issue on a motion to dismiss. The Motion to Dismiss the conversion claim is denied.

### 3. Interference with Prospective Economic Advantage

A claim for interference with prospective economic advantage requires, among other things, that the defendant wrongfully and unjustifiedly interfered with the plaintiff's expectation of economic advantage. Lamminen v. City of Cloquet, 987 F. Supp. 723, 731 (D. Minn. 1997). The Amended Complaint alleges that Lampland "seiz[ed] and [kept] rental income" from the property, thus interfering with the trust's right to that income. (Am. Compl. ¶ 43.)

Lampland again contends that Schubel and the trust were not harmed because he used the rents to maintain the property. This argument is inappropriate for a motion to dismiss, as discussed above. Schubel has alleged that the trust expected an economic advantage from the building in the form of monthly rents and that Lampland took those rents for himself. This is sufficient at this stage to state a claim for interference with prospective economic advantage.

### 4. Breach of Fiduciary Duty

Lampland's argument with respect to this claim shows the impropriety of his 12(b)(6) challenge: Lampland contends that there "is no factual basis upon which Plaintiff can succeed on this claim." (Def.'s Reply Mem. (Docket No. 24) at 6.) But the Court cannot weigh the evidence on a motion to dismiss. The Amended Complaint pleads in the alternative that if Lampland could be found to be a fiduciary of the trust or its predecessor-in-interest, then he breached those fiduciary duties. This plausible allegation is enough at this stage of the litigation.

### 5. Declaratory Judgment

Lampland argues that this claim is nothing more than a quiet title action, which requires that the plaintiff prove the property is vacant or that the plaintiff is in possession of the property. Minn. Stat. § 559.01. The Amended Complaint does not, and cannot, allege either that the property is vacant or that Schubel or the Trust are in possession of the property.

If Lampland's contentions were true, no party could seek a declaration of rights as to property that the party did not possess but that was not vacant. This would leave a party with no recourse to assert rights to such property. A declaratory judgment action is not subject to the requirements for a quiet title action, and Schubel has properly asserted a declaratory judgment action here. Lampland's challenge to the declaratory judgment count fails.

### 6. Unjust Enrichment

Finally, Lampland contends that he had not been unjustly enriched because he has used the rents to maintain the property. But again, this is disputed and is not an appropriate determination for the Court to make on a motion to dismiss.

## CONCLUSION

Lampland has not established that the Amended Complaint fails to state a claim on which relief can be granted. Accordingly, **IT IS HEREBY ORDERED that** Defendant's Amended Motion to Dismiss (Docket No. 17) is **DENIED**.


Dated: October 28, 2013

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge